# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JAMES GREGORY BARRETT,<br><br>                                    Debtor. | Case No. 22-cv-00078-RBM-BGS<br><br>Bankruptcy No. 21-03295-MM13 |
| JAMES GREGORY BARRETT,<br><br>                                    Appellant,<br><br>        v.<br><br>THOMAS H. BILLINGSLEA, JR.,<br><br>                                    Appellee. | **ORDER AFFIRMING BANKRUPTCY COURT'S ORDER SUSTAINING OBJECTION TO CONFIRMATION BY CHAPTER 13 TRUSTEE AND GRANTING CHAPTER 13 TRUSTEE'S MOTION TO DISMISS IN PART ON THE ISSUE OF LACK OF GOOD FAITH** |

Before the Court is Appellant James Gregory Barrett's ("Appellant") appeal of the bankruptcy court's decision sustaining objection to confirmation by Chapter 13 Trustee and granting Chapter 13 Trustee's motion to dismiss on the issue of lack of good faith. (Doc. 1, Doc. 20 at 6.)  Appellee and Chapter 13 Trustee Thomas H. Billingslea, Jr. ("Appellee" or "Trustee") filed a responsive brief on May 11, 2022.  (Doc. 27.)  Appellant did not file a reply.  Having considered the parties' submissions and for the reasons set forth below, the bankruptcy court's order is **AFFRIMED**.

## I.     BACKGROUND

This appeal arises from the purported wrongful foreclosure on Appellant's principal

residence.

On June 3, 2015, Appellant and his spouse obtained a loan from Salton Sea Estates III, LLC ("SSE"), which was reflected in a promissory note secured by a deed of trust encumbering the real property located at 2566 Sea Urchin Avenue, Salton City, California ("Property").  In approximately December 2016, Appellant defaulted under the note.  SSE, as trustee under the Deed of Trust, completed a foreclosure sale of the Property on April 11, 2018.  A series of litigation in state court has ensued related to the Property:  a quiet title suit, an unlawful detainer suit, and a wrongful foreclosure suit.  Appellant filed the bankruptcy petition at issue approximately two months after the state court entered judgment on the quiet title action and merely weeks after trial concluded in the unlawful detainer action.

**A. Superior Court Proceedings**

On April 18, 2017, prior to the foreclosure sale, SSE filed a complaint against Appellant and his spouse in the Superior Court for the County of Imperial (Case No. ECU09780), alleging causes of action for quiet title against Appellant and his wife. Appellant filed an amended cross-complaint asserting six causes of action contesting the validity of SSE's note and deed of trust on the Property.

After a four-day jury trial, the state court rendered a statement of decision on May 3, 2019 and entered judgment in the quiet title suit on May 29, 2019, finding SSE as the owner of the Property after the foreclosure occurred and dismissing Appellant's causes of action in the cross-complaint.  Appellant appealed this decision, which was reversed in part as to the quiet title judgment.  After remitter, on May 28, 2021, the state court issued findings of fact and conclusions of law finding SSE had a deed of trust on the Property as of April 18, 2017.

On April 30, 2021, SSE proceeded with an unlawful detainer action in state court

2

against Appellant and his spouse (Case No. BCL001108).[1]  After the July 2021 trial, the state court granted possession of the Property to SSE.  While the statement of decision and judgment were pending before the state court, Appellant filed the bankruptcy case at issue on August 13, 2021, which automatically stayed the state court proceeding.  SSE then filed a motion for relief from the stay.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 25 (Bankr. S.D. Cal. Oct. 14, 2021).  Pursuant to a minute order issued on September 28, 2021, the bankruptcy court granted the motion in part stating, "[s]tay relief granted to proceed with the state court process in all procedural ways" and held its ruling in abeyance regarding property of the estate.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 43 (Bankr. S.D. Cal. Sept. 28, 2021).  The bankruptcy court subsequently granted the motion "to the extent of permitting the state court unlawful detainer action . . . to proceed to its conclusion and entry of a final judgment and writ of execution as to the premises involved in the unlawful detainer action."  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 51 (Bankr. S.D. Cal. Oct. 14, 2021).  On October 20, 2021,[2] the state court issued its "Ruling on Request for Statement of Decision," which found in favor of SSE on its unlawful detainer cause of action and entered judgment for possession of the premises with no monetary damages awarded.  The state court determined that Appellant was estopped from denying the validity of the foreclosure sale.

Appellant removed the unlawful detainer action to the bankruptcy court on October 27, 2021.  *See Salton Sea Estates III, LLC v. James Barrett*, Bk. No. 21-90087-MM, Doc. 1 (Bankr. S.D. Cal. Oct. 27, 2021).  The bankruptcy court then remanded the unlawful detainer action back to state court, which is now the subject of a related appeal pending before the undersigned.  *See Salton Sea Estates III, LLC*, Bk. No. 21-90087-MM, Doc. 20 (Bankr. S.D. Cal. Feb. 17, 2022); *In re James Gregory Barrett*, 22-cv-221-RBM-BGS,

---

[1] The original complaint lists the case number as BCL001108, however, the state court's October 20, 2021 statement of decision lists the case number as ECU001108.
[2] The state court decision is dated August 27, 2021, but it was filed October 20, 2021.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 63-3, Ex. 15 (Bankr. S.D. Cal. Jan. 3, 2022).

Doc. 1 (S.D. Cal. Feb. 17, 2022).

Additionally, one day before filing the instant bankruptcy case, on August 12, 2021, Appellant filed a lawsuit in state court against SSE and others asserting claims for wrongful foreclosure, slander of title, and quiet title (Case No. ECU002020).  On September 30, 2021, Appellant filed an amended complaint asserting an additional cause of action for defamation.  Appellant then removed the wrongful foreclosure action to the bankruptcy court on October 29, 2021.  *See James Barrett v. Salton Sea Estates III, LLC*, Bk. No. 21-90090-MM, Doc. 1 (Bankr. S.D. Cal. Oct. 29, 2021).  The bankruptcy court then remanded the wrongful foreclosure action back to state court, which is now the subject of another related appeal pending before the undersigned.  *See James Gregory Barrett v. Salton Sea Estates III, LLC*, Bk. No. 21-90090-MM, Doc. 19 (Bankr. S.D. Cal. Feb. 17, 2022); *In re James Gregory Barrett*, 22-cv-222-RBM-BGS, Doc. 1 (S.D. Cal. Feb. 17, 2022).

**B. Bankruptcy Proceedings**

  *i. Prior Bankruptcy Case History*

In addition to the bankruptcy case at issue filed on August 13, 2021, Appellant has filed four other Chapter 13 cases:

> Bankruptcy Case No. 98-15213-JH13: Petition filed on November 9, 1998; Appellant received a discharge on April 15, 2002;
>
> Bankruptcy Case No. 13-00710-MM13:  Petition filed on January 25, 2013 and dismissed on May 19, 2014 for failure to make plan payments;
>
> Bankruptcy Case No. 15-00742-MM13:  Petition filed on February 9, 2015 and dismissed on July 31, 2015 for failure to make plan payments; and
>
> Bankruptcy Case No. 18-01751-MM13:  Petition filed on March 28, 2018 and dismissed on March 29, 2018 for failure to timely file a certificate of credit counseling.

  *ii. Bankruptcy Case at Issue*

On September 21, 2021, the Chapter 13 Trustee filed an objection to confirmation of the proposed Chapter 13 plan and motion to dismiss.  The Trustee sought dismissal on

the following grounds: (1) Appellant failed to make plan payments; (2) the plan is not feasible; and (3) Appellant appeared to be using the Chapter 13 process to delay the unlawful detainer action and challenge the validity of the foreclosure.  The bankruptcy court set an evidentiary hearing for January 12, 2022, ordered Appellant to file evidence in support of his good faith filing by December 29, 2021, and ordered responses from the Trustee and SSE to be filed by January 5, 2022.  After reviewing the evidence submitted by the parties, the bankruptcy court sustained the Chapter 13 Trustee's objection to confirmation and granted in part the Chapter 13 Trustee's motion to dismiss.  (Doc. 20; Doc. 20-1 at 105-111.)  The bankruptcy court applied the four factor test in *Leavitt v. Soto* to determine whether Appellant proposed his bankruptcy plan in good faith.  (Doc. 20-1 at 109 (citing *Leavitt*, 171 F.3d 1219 (9th Cir. 1999).)  The bankruptcy court found Appellant attempted to manipulate the bankruptcy process by removing the unlawful detainer and wrongful foreclosure action to its court after it had already granted stay relief for them to proceed in state court, and it also found such conduct egregious.  (Doc. 20-1 at 109.)  It also found Appellant to be a serial filer, due to his three bankruptcy cases that were dismissed for failure to comply with the Bankruptcy Code.  (*Id.* at 110.)  The bankruptcy court also found the timing of Appellant's filings—including the August 13, 2021 bankruptcy filing and October 27, 2021 removal of the unlawful detainer action—indicated he took such action to avoid an adverse decision or judgment in state court litigation.  (*Id.* at 111.)  Finally, the court found Appellant's profane emails and mail sent to SSE and its counsel constituted egregious conduct.  (*Id.*)  The court, therefore, dismissed Appellant's case for cause, and found Appellant failed to demonstrate that he proposed the plan in good faith as required under 11 U.S.C. § 1325(a)(3) and (7).  This appeal follows.

## II.   LEGAL STANDARD

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges.  28 U.S.C. § 158(a).  The district court acts as an appellate court, "review[ing] the bankruptcy court's findings for clear error and its conclusions of law de novo."  *In re Smith*, 235 F.3d 472, 475 (9th Cir. 2000); *In re Clark*, 262 B.R. 508,

514 (B.A.P. 9th Cir. 2001). A bankruptcy court's dismissal of a Chapter 13 bankruptcy case is reviewed for abuse of discretion using a two-step inquiry: (1) the court reviews de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested"; and (2) if it did, whether the bankruptcy court's application of the legal standard was "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *In re Ellsworth*, 455 B.R. 904, 914 (B.A.P. 9th Cir. 2011) (internal citations omitted). Additionally, the court reviews factual findings of bad faith to support dismissal of a Chapter 13 case for clear error. *Id.* (internal citation omitted).

## III.   DISCUSSION

### A. Good Faith

When seeking confirmation of a plan, "the debtor, as plan proponent, has the burden of proof on the issues of whether both the case and the plan were filed in good faith" as required under 11 U.S.C. § 1325(a)(3) and (7). *In re Ellsworth*, 455 B.R. 904, 918 (B.A.P. 9th Cir. 2011). A counterpart to the good faith requirement is when a party seeks dismissal due to bad faith. *See In re Ellsworth*, 455 B.R. at 917-919 (stating, "it is well established that a lack of good faith constitutes 'cause' to dismiss a chapter 13 case, and that courts may look at the same evidence for both confirmation and dismissal purposes.").

A Chapter 13 case concludes in one of three ways: discharge, conversion to a Chapter 7 case, or dismissal of a Chapter 13 case "for cause" under 11 U.S.C. § 1307(c). *Leavitt*, 171 F.3d 1223. For Chapter 13 cases, section 1307(c)(1) through (10) "provide that the bankruptcy court may convert or dismiss, depending on the best interests of the creditors and the estate, for any of ten enumerated circumstances." *Id.* at 1224. "Although not specifically listed in section 1307(c), bad faith is a 'cause' for dismissal under § 1307(c)." *Id.* (citations omitted). A dismissal based on bad faith involves application of the totality of the circumstances test, where the court should consider the following factors:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner;
> (2) the debtor's history of filings and dismissals;

(3) whether the debtor only intended to defeat state court litigation; and

(4) whether egregious behavior is present.

*Id.* (internal citations and quotations omitted). Fraudulent intent by the debtor is not required for a finding of bad faith. *Id.*

Here, the bankruptcy court determined that cause existed to dismiss the case because Appellant manipulated both bankruptcy court and state court proceedings, and Appellant failed to demonstrate that he filed his plan in good faith as required under 11 U.S.C. § 1325(a)(3) and (7). Appellant raises six grounds for appeal, however, he alleges the first two grounds are threshold issues. The Court will address each argument in turn.

  *i. Notice & Hearing*

First, Appellant contends the bankruptcy court erred because the good-faith ground for dismissal was not included within the Trustee's noticed motion to dismiss. (Doc. 20 at 15, 18-20.) He alleges that the Trustee's only ground for dismissal in the noticed motion was under 11 U.S.C. § 1307(c)(4) (i.e., debtor failed to make timely plan payments), which was withdrawn by the Trustee prior to the hearing on that motion. (Doc. 20 at 15.) The Trustee counters that its objection to confirmation and motion to dismiss alleged many of the fundamental factors for arguing a Chapter 13 plan was not filed in good faith, including that "Appellant appears to be using the [C]hapter 13 process as a tool to delay an unlawful detainer action and to indirectly challenge the validity of the 2018 foreclosure, which if a remedy exists should be done in state court." (Doc. 27 at 4-5.)

Notice is a flexible concept. *In re Malek*, 519 B.R. 420, 427 (N.D. Cal. Sept. 12, 2018) (citing *In re Tennant*, 318 B.R. 860, 870 (9th Cir. B.A.P. 2004)). The sufficiency of notice varies on the particular circumstances presented in each case. *Id.* (citing *In re Tennant*, 318 B.R. at 870-871). "Generally speaking, when a motion to dismiss involves substantive issues, sufficient notice and the opportunity for an interested party to be heard must be given." *Id.* (citing *In re Tennant*, 318 B.R. at 870). "Courts do not find violations of due process where a party has been given a 'meaningful opportunity' to be heard and the court 'thoroughly considered' the arguments presented." *Id.* (internal citations

7

omitted).

The circumstances here indicate that Appellant was given adequate notice and a meaningful opportunity to be heard.  While the Trustee's noticed motion did not explicitly use the words "lack of good faith," it implicitly made the argument.  Specifically, it alleged that Appellant was using the Chapter 13 process as a tool to delay the unlawful detainer action and indirectly challenge the validity of the foreclosure.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 33 (Bankr. S.D. Cal. Sept. 21, 2021).  It also contended the Plan was not feasible under 11 U.S.C. § 1325(a)(6).  *Id.*  Appellant's response argued that the unlawful detainer action is irrelevant because "it is the exclusive jurisdiction of the Bankruptcy Court . . . to adjudicate if the subject real property became property of the estate upon the filing of the petition . . ."  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 47 at 2 (Bankr. S.D. Cal. Oct. 6, 2021).  On October 25, 2021, the Trustee filed a statement of case status regarding its objection to confirmation and motion to dismiss, advising that Appellant was current in plan payments but reserving its argument on feasibility.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 55 (Bankr. S.D. Cal. Oct. 25, 2021).  The Trustee also continued to preserve its argument that the Chapter 13 process was being used as a tool to delay the unlawful detainer action.  *Id.*  On October 28, 2021, Appellant filed a statement of case status further responding to Trustee's arguments.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 60 (Bankr. S.D. Cal. Oct. 29, 2021).

The bankruptcy court held a hearing on the motion on November 2, 2021, where Appellant appeared.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 62 (Bankr. S.D. Cal. Nov. 2, 2021).  The court set an evidentiary hearing for January 12, 2022, ordered Appellant to file evidence in support of "why debtor believes this bankruptcy case is filed in good faith" by December 29, 2021, and ordered SSE and the Trustee to file responses by January 5, 2022.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 62 (Bankr. S.D. Cal. Nov. 3, 2021).  Appellant failed to timely file evidence.  SSE preemptively filed its brief on January 3, 2022, and Appellant filed his evidence on this

same day.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Docs. 64-65. Appellant's evidence of good faith included an eight-page responsive brief and over sixty-five pages of exhibits.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 64.  The Trustee filed a status report on January 6, 2022, contending that its "objections, other than that the Debtor is now current with plan payments, remains and is unresolved." *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 65.  The bankruptcy court issued its written order on January 10, 2022, and vacated the evidentiary hearing set for January 12, 2022, because it found the undisputed facts obviated the need for a hearing. *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Docs. 68, 70; *see also* Doc. 20-1 at 106 (citing *Brown v. Billingslea*, No. SC-14-1388-JuKIPa, 2015 Bankr. LEXIS 3625, at *29 (B.A.P. 9th Cir. Oct. 26, 2015)).

Given the hearing and extensive briefing on the issue of good faith, Appellant's due process rights were not violated.  *See In re Malek*, 519 B.R. at 427 (holding Chapter 13 debtor's due process rights not violated when trustee's motion to dismiss served on debtor, debtor filed response, and hearing was held).  Accordingly, the Court finds no reversible error on this ground.

ii.    *Bankruptcy Court's Reliance on State Court Ruling*

Second, Appellant contends the bankruptcy court erred in its good-faith plan proposal analysis because the entire ruling was premised upon a conclusory finding that the pre-petition foreclosure sale was valid, despite Appellant's position that the sale of the Property was *void ab initio*.  (Doc. 20 at 15-16, 20-23.)  He argues that legal determination of title should have occurred in an adversary hearing in his wrongful foreclosure action which was removed to the bankruptcy court for this purpose and which is the subject of a related appeal pending before the undersigned.  (Doc. 20 at 21); *see supra* pp. 3-4 (citing *In re James Gregory Barrett*, 22-cv-222-RBM-BGS, Doc. 1 (Feb. 17, 2022)).

The bankruptcy court's order explained why Appellant's dispute regarding title to the Property was no longer at issue:

While [Appellant] accurately contends the validity of the foreclosure sale was not

determined by the Unlawful Detainer . . . the State Court made a finding that the foreclosure sale occurred and deprived [Appellant] of his right of possession of the property.  The State Court found in favor of Salton in the Unlawful Detainer pursuant to California Code of Civil Procedure § 1161a, which, unlike other unlawful detainer proceedings, requires state courts to make determinations regarding title.  Subsequent fraud or quiet title suits founded upon allegations of irregularity in a trustee's sale are barred by the prior unlawful detainer judgment, although activities not directly connected with the conduct of the sale may not be barred.

(Doc. 20-1 at 110 (citing *Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1128-1129 (9th Cir. 2016), cert. denied sub nom., *Perl v. Eden Place, LLC*, 137 S. Ct. 39 (2016)).)

 *In re Perl* analyzed California's unlawful detainer statutory scheme and specifically noted the one exception to the rule where title *can* be determined in an unlawful detainer proceeding.  811 F.3d at 1128.  That exception is found in California Code of Civil Procedure § 1161a, which governs the right of possession by a party initiating an unlawful detainer proceeding after obtaining title at a nonjudicial foreclosure sale.  *Id.*  It allows for "a narrow and sharply focused examination of title" and contemplates a "final and binding adjudication of legal title and rights of immediate possession."  *Id.* at 128-130 (internal citations omitted).

 The state court's statement of decision (filed after the bankruptcy court granted relief from the automatic stay)[3] ruled in favor of SSE on the unlawful detainer action pursuant to

---

[3] The state court decision is signed and dated August 27, 2021, but it was filed October 20, 2021.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 63-3, Ex. 15 (Bankr. S.D. Cal. Jan. 3, 2022).  Appellant contends that this October 20, 2021 decision is void because it was issued while the automatic stay was in effect. (Doc. 20 at 23 (citing FED. R. BANKR. P. 4001(a)(3) (stating, "[a]n order granting a motion for relief from an automatic stay . . . is stayed until expiration of 14 days after the entry of the order, unless the court orders otherwise.")).)  However, stay relief was granted in part on September 28, 2021, which permitted SSE "to proceed with the state court process in all procedural ways."  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 43 (Bankr. S.D. Cal. Sept. 28, 2021).  A statement of decision is not a final decision because a trial court has "the inherent power to amend its statement of decision" and "[e]ven after a court has issued a written decision, the court retains the power to change its findings of fact or conclusions of law until judgment is entered."  *See Bay World Trading, Ltd. v. Nebraska Beef, Inc.*, 101 Cal. App. 4th 135, 141 (2002) (internal citation omitted).  Accordingly, the Court finds no error in the state court's filing of the statement of decision on October 20, 2021, because it did not finally and fully dispose of the property of the estate in violation of the bankruptcy court's stay order.

California Code of Civil Procedure § 1161a and expressly noted that Appellant is estopped from denying the validity of the foreclosure sale.  *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 63-3, Ex. 15 (Bankr. S.D. Cal. Jan. 3, 2022).  The ruling also provided for entry of judgment for possession of the premises with no monetary damages awarded.  *Id.*  Given the state court ruling, the bankruptcy court correctly applied the law to the facts in finding that it did not need to make any legal determinations as to title to the Property.

Appellant's third and fourth issues on appeal are reiterated versions of his second issue on appeal regarding validity of the foreclosure sale.  The third issue contends that the bankruptcy court erred as a matter of law and fact when it claimed that Appellant did not hold title to the Property.  (Doc. 20 at 6, 23-29.)  The fourth issue contends that the bankruptcy court factually erred when it found that Appellant misrepresented his ownership of the Property in his schedules.  (*Id.* at 6, 29.)  The Court finds the third and fourth issues moot in light of the Court's ruling above.  *See supra*, pp. 9-10; *see also HM Electronics, Inv. v. R.F. Technologies, Inc.*, 171 F. Supp. 3d 1020, 1026 (S.D. Cal. 2016) ("a case of controversy becomes moot, and thus no longer suitable for adjudication, when the issues presented are no longer live . . .") (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

### iii.   Bankruptcy Court's Analysis on Proof of Claims

The fifth and sixth issues presented on appeal concern the total amount of Appellant's unpaid claims, which the bankruptcy court calculated at $83,936.65.  (Doc. 20 at 6, 29-31); *see also* Doc. 20-1 at 110.  Appellant contends the bankruptcy court committed error by including SSE's unsecured claims of $63,245.00 and $10,216.56 within its calculation, because he timely objected to these claims and SSE failed to contest the objections within its timeframe to do so.  (Doc. 20 at 30.)

Appellant neglects to mention that the bankruptcy court explicitly noted his objections to SSE's claims, and it stayed those objections pending an outcome on the good faith filing issue.  (Doc. 20-1 at 109.)  While the bankruptcy court analyzed Appellant's

ability to make plan payments in its order, this determination was not outcome-determinative to the issue of good faith. Instead, the following facts supported the bankruptcy court's findings on Appellant's lack of good faith: (1) Appellant attempted to manipulate the bankruptcy process by removing the unlawful detainer and wrongful foreclosure actions to the bankruptcy court after it granted stay relief for them to proceed in state court; (2) Appellant misrepresented his ownership in the Property in Schedule A given the outcome in the unlawful detainer action; (3) Appellant filed three other bankruptcy cases which were dismissed for failure to comply with the Bankruptcy Code; (4) the timing of Appellant's bankruptcy filing and removal of the unlawful detainer action operated to avoid an adverse decision or judgment; and (5) Appellant sent profane emails and mail to SSE and its counsel. (Doc. 20-1 at 110-111.)

The record leaves no doubt that Appellant failed to demonstrate good faith in filing his bankruptcy case. The suspicious timing and circumstances of Appellant's bankruptcy filing satisfy the first, third, and fourth *Leavitt* factors. *See In re Eisen*, 14 F.3d 469, 470-471 (9th Cir. 1994) (affirming decision finding debtor filed in bad faith when he timed the filing of the petition to frustrate a state court action, submitted contradictory and misleading descriptions of interest in property, and failed to disclose earlier bankruptcy); *In re Leavitt*, 171 F.3d 1219, 1225 (using bankruptcy proceedings to avoid payment of a judgment is clearly egregious behavior). Additionally, Appellant's history of three failed bankruptcy filings meets the second *Leavitt* factor. All of the above facts alone are sufficient to support a finding that Appellant lacked good faith in filing his bankruptcy case.

In sum, the bankruptcy court duly exercised its role as the trier of fact and drew inferences from the totality of the circumstances that Appellant failed to demonstrate good faith. *In re Ellsworth*, 455 B.R. at 914. Moreover, in applying the facts to the four factor *Leavitt* test, the bankruptcy court used the correct legal test to decide the motion to dismiss. Accordingly, there are no grounds to reverse the bankruptcy court's decision.

/ / /

/ / /

## IV.    CONCLUSION

For the reasons above, the Court **AFFIRMS** the bankruptcy court's order sustaining objection to confirmation by Chapter 13 Trustee and granting Chapter 13 Trustee's motion to dismiss on the issue of lack of good faith.  The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

DATE:  September 27, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

13