# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JAMES GREGORY BARRETT,<br><br>Debtor.<br><br>JAMES GREGORY BARRETT,<br><br>Appellant,<br><br>v.<br><br>THOMAS H. BILLINGSLEA, JR.,<br><br>Appellee. | Case No. 22-cv-00078-RBM-BGS<br><br>Bankruptcy No. 21-03295-MM13<br><br>**ORDER DENYING APPELLANT'S MOTION FOR REHEARING**<br><br>**[Doc. 30]** |

Before the Court is Appellant James Gregory Barrett's ("Appellant") motion for rehearing filed on October 5, 2022. (Doc. 30.) Appellant requests reconsideration of this Court's September 27, 2022 Order Affirming the Bankruptcy Court's Order Sustaining Objection to Confirmation by Chapter 13 Trustee and Granting Chapter 13 Trustee's Motion to Dismiss in Part on the Issue of Lack of Good Faith ("September 27, 2022 Order"). (*See* Doc. 28.) Pursuant to Federal Rule of Bankruptcy Procedure 8022(a)(2), oral argument is not permitted on a motion for rehearing. Similarly, "[u]nless the district court . . . requests, no response to a motion for rehearing is permitted." FED. R. BANKR. P. 8022(a)(3). Having considered the motion and for the reasons set forth below, the motion

is **DENIED**.

## I.    BACKGROUND

The Court's September 27, 2022 Order contains a complete and accurate recitation of the factual and procedural history underlying Appellant's Motion. (*See* Doc. 28.) This Order incorporates by reference the background in the September 27, 2022 Order as set forth therein.

As relevant to this Order, on June 3, 2015, Appellant and his spouse obtained a loan from Salton Sea Estates III, LLC ("SSE"), which was reflected in a promissory note secured by a deed of trust encumbering the real property located at 2566 Sea Urchin Avenue, Salton City, California ("Property"). After Appellant defaulted on the note, SSE completed a non-judicial foreclosure sale of the Property on April 11, 2018. SSE pursued a quiet title action as to the Property, followed by an unlawful detainer action. After the state court granted possession of the Property to SSE after conclusion of the unlawful detainer trial, Appellant filed for bankruptcy on August 13, 2021.

On September 7, 2021, SSE filed a motion for relief from the bankruptcy court's automatic stay in the unlawful detainer action. On September 21, 2021, the Chapter 13 Trustee filed an objection to confirmation of the proposed Chapter 13 plan and motion to dismiss. On October 14, 2021, the bankruptcy court ultimately granted SSE relief from the stay, which allowed SSE "to proceed [with the unlawful detainer action] to its conclusion and entry of a final judgment and writ of execution as to the premises involved . . ." *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 51 (Bankr. S.D. Cal. Oct. 14, 2021). On October 20, 2021, the state court issued its "Ruling on Request for Statement of Decision," which found in favor of SSE on its unlawful detainer cause of action and entered judgment for possession of the premises with no monetary damages awarded. The state court determined that Appellant was estopped from denying the validity of the foreclosure sale. Appellant subsequently removed the unlawful detainer action to the bankruptcy court in a related bankruptcy case on October 27, 2021. *See Salton Sea Estates III, LLC v. James Barrett*, Bk. No. 21-90087-MM, Doc. 1 (Bankr. S.D. Cal.

Oct. 27, 2021).

On January 10, 2022, the bankruptcy court sustained the Chapter 13 Trustee's objection to confirmation and granted in part the Chapter 13 Trustee's motion to dismiss. (Doc. 20-1 at 105-111.) The bankruptcy court's decision dismissed Appellant's bankruptcy case for cause and due to his failure to demonstrate he filed the Chapter 13 Plan in good faith as required under 11 U.S.C. § 1325(a)(3) and (7). (Doc. 21-1 at 105-111.) Appellant appealed the bankruptcy court's decision. (Doc. 1, Doc. 20 at 6.) This Court affirmed the bankruptcy court's decision. (Doc. 28.)

## II.   LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8022 ("Rule 8022") governs the procedure for filing a motion for rehearing. Rule 8022(a)(2) provides, "[t]he motion must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Oral argument is not permitted. FED. R. BANKR. P. 8022(a)(2). "Petitions for rehearing are designed to ensure that the appellate court properly considered all relevant information in rendering its decision." *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003) (citing *Armster v. U.S. District Court, C.D. Cal.*, 806 F.2d 1347, 1356 (9th Cir. 1986).) "A petition for rehearing is not a means by which to reargue a party's case." *Id.* (citing *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962).)

## III.   DISCUSSION

Appellant's motion for rehearing argues the record on appeal "reveals that all of [Appellant's] foreclosure related evidence provided to the [b]ankruptcy [c]ourt in his opposition to the Motion to Dismiss, (EOR, Docket Items 64, 64-1), has been completely ignored in the [c]ourt below." (Doc. 30 at 2.) More specifically, Appellant alleges all of the evidence related to the non-foreclosure sale should have been taken as true at the motion to dismiss stage, such that this Court and the bankruptcy court must determine the validity of the non-judicial foreclosure sale of the Property or if the non-judicial foreclosure sale is void as a matter of law. (*Id.* at 2-3.) In sum, Appellant contends the question of property

of the bankruptcy estate "must be answered conclusively" before conclusions concerning ownership or the good faith analysis may proceed. (*Id.* at 4 (citing *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999).)

The above argument by Appellant was advanced in his opening brief on appeal and it fails for the same reason as noted in the Court's September 27, 2022 Order. (*See* Doc. 20 at 6, 14-16; 20-29; *see also* Doc. 28 at 9-11.) The bankruptcy court's order addressed why any dispute regarding title to the Property was no longer in issue stating, "the State Court found in favor of Salton in the Unlawful Detainer pursuant to California Code of Civil Procedure § 1161a, which, unlike other unlawful detainer proceedings, requires state courts to make determinations regarding title." (Doc. 20-1 at 110 (citing *Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1128-1129 (9th Cir. 2016), cert. denied sub nom., *Perl v. Eden Place, LLC*, 137 S. Ct. 39 (2016)).) The state court's October 20, 2021[1] statement of decision ruled in favor of SSE on the unlawful detainer action pursuant to California Code of Civil Procedure § 1161a and expressly noted that Appellant is estopped from denying the validity of the foreclosure sale. *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 63-3, Ex. 15 (Bankr. S.D. Cal. Jan. 3, 2022). The ruling also provided for entry of judgment for possession of the premises with no monetary damages awarded. *Id.*

The bankruptcy court found Appellant removed the unlawful detainer action to bankruptcy court with the intent to: (1) thwart the bankruptcy court's ruling on stay relief and the state court's ability to enter a final judgment; and (2) manipulate the bankruptcy process. (Doc. 20-1 at 109.) These factors supported the bankruptcy court's findings that Appellant did not propose the Chapter 13 plan in good faith. (*Id.* at 109-111.) The bankruptcy court relied upon *In re Eisen* to support its decision, where the Ninth Circuit

---

[1] The state court decision is dated August 27, 2021, but it was filed October 20, 2021. *See In re James Gregory Barrett*, Bk. No. 21-03295-MM13, Doc. 63-3, Ex. 15 (Bankr. S.D. Cal. Jan. 3, 2022).

affirmed a bankruptcy court's dismissal of a Chapter 13 petition for being filed in bad faith. (Doc. 20-1 at 109 (citing *In re Eisen*, 14 F.3d 469 (9th Cir. 1994).)  The Court in *In re Eisen* found the debtor's "contradictory and misleading descriptions of his interest" in the subject property supported the bankruptcy court's finding that the Chapter 13 petition was properly dismissed for bad faith.  14 F.3d at 470-471.

One of the factors the bankruptcy court considers in determining whether a plan is filed in good faith is whether the debtor misrepresents facts in their plan.  *See In re Ellsworth*, 455 B.R. at 917-919 (stating, "it is well established that a lack of good faith constitutes 'cause' to dismiss a chapter 13 case, and that courts may look at the same evidence for both confirmation and dismissal purposes."); *In re Welsh*, 711 F.3d 1120, 1123 (9th Cir. 2013) (listing four factors to determine whether plan is proposed in good faith, including whether debtors misrepresent facts in their plan) (citing *Leavitt v. Soto*, 171 F.3d 1219 (9th Cir. 1999)).  Here, the bankruptcy court found Appellant misrepresented his ownership of the Property based upon the state court's determination of title in the unlawful detainer action.  (Doc. 20-1 at 110.)  Based upon the foregoing, the Court finds the bankruptcy court did not err in its decision dismissing the bankruptcy case without holding an adversary hearing to determine the property of the estate.  *See In re Eisen*, 14 F.3d 469.  Therefore, the Court finds no error in its prior order.

## IV.   CONCLUSION

For the reasons above, the Court **DENIES** Appellant's motion for rehearing (Doc. 30).  This bankruptcy appeal remains dismissed.

**IT IS SO ORDERED**.

DATE:  April 24, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE